US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 0 1 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
Texarkana DIVISION

CARLOS BIBIANO                                                                      PLAINTIFF

VS.                               CASE NO. 16-4070

THE LAW OFFICE OF AMY E. HARRISON, P.L.L.C., and
AMY HARRISON, individually                                                  DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Carlos Bibiano, by and through his attorney, Jered Medlock of Medlock & Gramlich, LLP, and for his cause of action against the Defendants, The Law Office of Amy E. Harrison, P.L.L.C. and Amy Harrison, individually, states:

1. At all times material hereto, Plaintiff, Carlos Bibiano, was an adult resident of the State of Arkansas.

2. At all times material hereto, Defendant, The Law Office of Amy E. Harrison, P.L.L.C., was an Oklahoma professional limited liability company with its principal place of business in McAlester, McCurtain County, Oklahoma.

3. At all times material hereto, Defendant, Amy Harrison, was an attorney licensed to practice law within the State of Oklahoma, with her principal place of business located in McAlester, McCurtain County, Oklahoma.

4. There is complete diversity of citizenship between the Plaintiff and Defendants.

5. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

1

6. This cause of action was commenced within two years of June 4, 2015, and within the applicable statute of limitations.

7. On or about June 4, 2013, Plaintiff was operating a motor vehicle in McCurtain County, Oklahoma when he was hit head on by a vehicle that crossed the center line of the highway and entered his lane of traffic. Plaintiff suffered severe injuries to his body as a whole and was air lifted to Mercy Hospital in Fort Smith, Arkansas.

8. While in the care of Mercy Hospital in Fort Smith, Arkansas, the Defendant, Amy Harrison, came to the Plaintiff's hospital room unsolicited on multiple occasions, eventually securing the Plaintiff's signature on an attorney-client agreement authorizing her to prosecute the Plaintiff's claims against the at-fault driver in the aforementioned wreck. *The attorney-client agreement is not attached hereto because it is currently available to the Plaintiff, but is believed to be in the possession of the Defendants.*

9. On or about June 11, 2015, the Defendant, Amy Harrison, filed a Petition in the District Court of McCurtain County Oklahoma seeking relief on behalf of the Plaintiff for all injuries and damages incurred as a result of the aforementioned wreck on June 4, 2013. *See Petition attached hereto as Exhibit A.*

10. The Petition filed in the District Court of McCurtain County Oklahoma by the Defendant, Amy Harrison, was filed one week outside of the applicable statute of limitations under Oklahoma Law; and therefore, the Plaintiff is forever barred from recovering damages incurred as a result of the negligence of the at-fault driver in the aforementioned wreck.

2

## COUNT ONE - NEGLIGENCE

11. Plaintiff repeats the allegations set forth in Paragraphs 1 through 10, above, and incorporates the same as if they were set forth word for word herein.

12. Defendants owed the Plaintiff a duty pursuant to the attorney-client relationship formed by the Plaintiff signing the attorney-client agreement with the Defendants.

13. Defendants breached said duty and were negligent by failing to timely file the Plaintiff's tort action within the applicable statute of limitations.

14. Defendants' breach of their duty owed to the Plaintiff was the proximate and actual cause of the Plaintiff forever losing the ability to recover any damages from the at-fault driver in the aforementioned wreck. Plaintiff suffered severe injuries and damages as result of the negligence of the at-fault driver in the June 4, 2013, wreck, and such damages would exceed the minimum amount necessary to confer jurisdiction upon the United States District Court in a diversity of citizenship.

## COUNT TWO – BREACH OF CONTRACT

15. Plaintiff repeats the allegations set forth in Paragraphs 1 through 14, above, and incorporates the same as if they were set forth word for word herein.

16. By filing the aforementioned Petition outside the applicable statute of limitations, Defendants have forfeited the Plaintiff's ability to recover any damages against the at-fault driver from his claim arising from the June 4, 2013, wreck.

17. Defendants acts and omissions were a breach of the express and/or implied terms of the attorney-client agreement executed by the parties herein, and such acts and omissions, and breach of contract, resulted in causing damages to Plaintiff for which Defendants are liable.

3

18. Defendants' breach of contract was the proximate and actual cause of the Plaintiff forever losing the ability to recover any damages from the at-fault driver in the aforementioned wreck. Such damages would exceed the minimum amount necessary to confer jurisdiction upon the United States District Court in a diversity of citizenship, and will be determined in discovery to be conducted in this matter.

### COUNT THREE - FRAUD

19. Plaintiff repeats the allegations set forth in Paragraphs 1 through 18, above, and incorporates the same as if they were set forth word for word herein.

20. Through their conduct and words, Defendants have made numerous false representations to the Plaintiff in this matter.

21. Plaintiff made numerous attempts to contact the Defendants, both prior to and after the June 4, 2015, which was the date the applicable statute of limitations ran, but received no response.

22. Plaintiff sent a status inquiry letter to Defendants on or about August 28, 2015, which was over a month after the statute of limitations had run on his claim, but has received no response whatsoever from the Defendants to date.

23. To date, Defendants have failed to disclose the missed statute of limitations to the Plaintiff, in an attempt to conceal the negligent conduct from the Plaintiff, and in hopes that the applicable statute of limitations would run on the attorney malpractice claim prior to the Plaintiff learning of the misconduct.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Carlos Bibiano, prays judgment against the Defendant, The Law Office of Amy E. Harrison, P.L.L.C. and Amy Harrison, in the sum and amount that the proof presented at the trial of this matter warrants, with such sum being in excess of $75,000, for costs, for attorney's fees to the extent permitted by law, and for such other relief as is just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully Submitted,

By: _____
M. Jered Medlock, ABA# 05304
Medlock, Gramlich & Sexton, LLP
P.O. Box 2646
Fort Smith, AR 72902
Telephone No. (479) 494-5614
Facsimile No. (479) 802-4742

5