# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CARLOS BIBIANO,                )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-17-023-KEW
                               )
THE LAW OFFICE OF AMY E.       )
HARRISON, P.L.L.C. and         )
AMY HARRISON, Individually,    )
                               )
            Defendants.        )

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry #30). Plaintiff initiated this action on August 1, 2016, seeking recovery for professional negligence against Defendants. The case was originally filed in the United States District Court for the Western District of Arkansas, Texarkana Division but was transferred to this District on January 20, 2017. The parties consented to the undersigned on February 24, 2017.

On March 15, 2017, Plaintiff filed an Amended Complaint which included the professional negligence claim and added claims for breach of contract and fraud. The allegations generally arise from the alleged solicitation of Defendants' representation of Plaintiff in relation to a claim stemming from a vehicle accident involving Plaintiff which occurred on June 4, 2013. Plaintiff contends that Defendant Amy Harrison, an attorney, entered into an attorney/client agreement with him to assert his cause of action for personal injury. He further alleges that Defendant Harrison failed to timely file the personal injury action such that the

claims were time-barred as outside of the statute of limitations but filed a Petition to assert the claim on June 11, 2015.

Defendants first contend that Plaintiff failed to comply with Okla. Stat. tit. 12 § 19.1 by failing to include a written opinion from a qualified expert otherwise known as an affidavit of merit with the Amended Complaint. Oklahoma law in this regard provides:

> A. 1. In any civil action for negligence wherein the plaintiff shall be required to present the testimony of an expert witness to establish breach of the relevant standard of care and that such breach of duty resulted in harm to the plaintiff, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit attesting that:
>
>     a. the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,
>
>     b. the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the determination of the expert that, based upon a review of the available material including, but not limited to, applicable records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the defendant against whom the action is brought constituted negligence, and
>
>     c. on the basis of the review and consultation of the qualified expert, the plaintiff has concluded that the claim is meritorious and based on good cause.
>
> 2. If the civil action for negligence is filed:
>
>     a. without an affidavit being attached to the petition, as required in paragraph 1 of this subsection, and
>
>     b. no extension of time is subsequently granted by the court, pursuant to subsection B of this section,

> the court shall, upon motion of the defendant, dismiss
> the action without prejudice to its refiling.

Okla. Stat. Ann. tit. 12, § 19.1 (West).

While the Tenth Circuit has not specifically ruled upon this requirement under Oklahoma law, this Court finds the reasoning persuasive as set forth in the case of <u>Ipock v. Manor Care of Tulsa, OK, LLC</u>, 2017 WL 1289865 (N.D. Okla.). Judge Eagan recognized the split in authority among the federal courts in Oklahoma as to whether § 19.1 applies to federal diversity actions. Ultimately, she concluded that the prerequisites of § 19.1 directly conflicted with Fed. R. Civ. P. 8 and 9 when it imposes additional pleading requirements than set forth in these rules. <u>Id</u>. at *3. As such is the case, Plaintiff was not required to comply with the affidavit of merit in filing this action.

Defendants next contend that the actions for breach of contract and negligence are essentially premature because action which was ultimately filed has not been dismissed as time-barred. In response, Plaintiff produced a dismissal court minute dated September 2, 2016 from the District Court in and for McCurtain County, Oklahoma. It appears Plaintiff's claims have ripened.

Defendants also assert that Plaintiff failed to assert which provision of the alleged contract for legal services between them that Defendants allegedly breached. Plaintiff first states the contract was not available to him at the time of the filing of the Amended Complaint. Defendants attached a copy to the Motion to Dismiss. Plaintiff responded to Defendants' arguments by asserting

that they violated the term wherein Defendants agreed "to commence and prosecute claims."

A plaintiff's claims are required to meet the plausibility standard enunciated in United States Supreme Court cases of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Clearly, <u>Bell Atlantic</u> changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. <u>Khalik v. United Airlines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). <u>Bell Atlantic</u> stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) quoting <u>Bell Atlantic</u>, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." <u>Bell Atlantic</u>, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" <u>Robbins v.

Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93.

Plaintiff's allegations of breach are sufficient to maintain the claim at this early stage of the litigation. Defendants' nuanced assertions that the language did not necessarily require the filing of a lawsuit are simply alternative defenses to the breach claim and do not render Plaintiff's breach claim as implausible. Plaintiff will be required to amend the Complaint again to include the agreement and the specific allegations of breach.

This Court recognizes the Oklahoma law espoused in the case of Funnell v. Jones, 737 P.2d 105, 107 (Okla. 1985) which limits the ability to bring an independent claim for breach of contract when the claims are essentially based upon a breach of a standard of care in a legal malpractice case. However, at this stage, the claim is not specifically precluded and will not be dismissed.

Plaintiff will also be required to amend the negligence claim to set forth the specific facts relating to the dismissal of the

state court action as time-barred.  The court minute to which he refers is somewhat cryptic as to the basis for dismissal, citing to Okla. Stat. tit. 12 § 1004.  Plaintiff shall relate the specific evidence of dismissal on the basis of a violation of the statute of limitations as he alleges in the briefing.

Defendants also challenge the sufficiency of Plaintiff's fraud claim.  Clearly, allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b).  The "false representations" Defendants allegedly made to Plaintiff are not sufficiently articulated for this Court to ascertain that they were intentionally made for the purpose for Plaintiff to rely upon their content.  If this evidence is lacking, Plaintiff's claim were represent mere negligence and not fraud.  Plaintiff will be required to amend the Complaint to set forth these allegations of fraud with particularity.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry #30) is hereby **DENIED**. Plaintiff shall file a Second Amended Complaint which (1) attaches the alleged agreement which forms the basis for this action; (2) sets forth the specific term of the agreement which was allegedly breached by Defendants; (3) clarifies that the underlying state court action was dismissed as time-barred as outside of the applicable statute of limitations; and (4) sets forth the allegations of fraud against Defendants with particularity.  The Second Amended Complaint shall be filed by **SEPTEMBER 8, 2017.**

IT IS SO ORDERED this 30th day of August, 2017.

                                              _____
                                              KIMBERLY E. WEST
                                              UNITED STATES MAGISTRATE JUDGE